Mercer **BRATCHER** et al., Plaintiffs-Appellants,

v.

The **AKRON AREA BOARD OF REALTORS** et al., Defendants-Appellees.

No. 17113.

United States Court of Appeals
Sixth Circuit.

Aug. 11, 1967.

Jack Greenberg, New York City, James M. Nabrit, III, Leroy D. Clark, Sheila Rush, New York City, Jack G. Day, Cleveland, Ohio, Norman Purnell, Akron, Ohio, Jay Topkis, New York City, on brief, for appellants.

Sidney D. L. Jackson, Jr., Cleveland, Ohio, Alexander H. Hadden, George Downing, John H. Burlingame, Baker, Hostetler & Patterson, Cleveland, Ohio, Ivan L. Smith, Akron, Ohio, on brief, for appellees, except First Nat. Bank of Akron and Herberich-Hall-Harter, Inc.

Frank H. Harvey, Jr., Akron, Ohio, Brouse, McDowell, May, Bierce & Wortman, C. Blake McDowell, Jr., Karl S. Hay, Akron, Ohio, on brief, for appellees First Nat. Bank of Akron and Herberich-Hall-Harter, Inc.

Stephen G. Breyer, Atty., Department of Justice, Washington, D. C., Donald F. Turner, Asst. Atty. Gen., Washington, D. C., on brief, for United States as amicus curiae.

Before PHILLIPS and EDWARDS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is a case of first impression, whereby appellants undertake to apply the antitrust laws to an alleged conspiracy by a board of realtors and others, which conspiracy allegedly prevents Negroes from owning or renting property in white neighborhoods. The district judge granted appellees' motion to dismiss the case for lack of jurisdiction.

The Department of Justice has intervened in this court as amicus curiae on behalf of the appellants, urging that the complaint states a claim upon which relief can be granted under the antitrust laws.

Appellants brought this action, seeking to enjoin appellees from violating the Federal (Sherman Act § 1, 15 U.S.C. § 1; Clayton Act § 16, 15 U.S.C. § 26) and State (Valentine Act, 13 O.R.C., §§ 1331.-01 to 1331.04) antitrust laws, alleging that the action of appellees prevented appellants from owning or renting property in white neighborhoods in Akron, Ohio, thereby violating the aforesaid statutes.

The three plaintiff classes alleged are: 1) Negro persons (in Akron and from out of State) who have sought to purchase or rent real property in the Akron area; 2) white persons who have sought to sell or lease property in the Akron area to Negroes; and 3) Negro real estate brokers and salesmen.

The appellees represent owners and lessors in nearly all of the real property transactions taking place within the Akron area. Appellants argue that, as a result of the conspiracy, interstate commerce has been impeded by restraining the flow in interstate commerce of persons, mortgage financing and building materials. Appellees contend that the antitrust laws were never intended to be used and cannot be interpreted as an instrument to enforce civil rights.

■ The district court correctly held that the Sherman Act extends not only to transactions in the stream of interstate commerce, but also to intrastate transactions which substantially affect interstate commerce. United States v. Employing Plasterers Ass'n., 347 U.S. 186, 74 S.Ct. 452, 98 L.Ed. 618; United States v. Women's Sportswear Manufacturers Ass'n., 336 U.S. 460, 69 S.Ct. 714, 93 L. Ed. 805; Mandeville Island Farms, Inc. v. American Crystal Sugar Co., 334 U.S. 219, 68 S.Ct. 996, 92 L.Ed. 1328, rehearing denied, 334 U.S. 835, 68 S.Ct. 1343, 92 L.Ed. 1761; Las Vegas Merchant Plumbers Ass'n. v. United States, 210 F.2d 732 (C.A. 9), cert. denied, 348 U.S. 817, 75 S.Ct. 29, 99 L.Ed. 645, rehearing denied, 348 U.S. 889, 75 S.Ct. 202, 99 L.Ed. 698.

■ The district court further held that "The area in which defendants allegedly discriminated is not defined or described, thus the substantiality of the effect upon interstate commerce is not sufficiently indicated by the complaint." We are of the opinion that the district court erred in this holding. The complaint describes the area to which the alleged conspiracy applies as "The City of Akron, Ohio, and all other parts of Summit County." We hold this to be a sufficient description of the area in which the alleged acts of discrimination took place.

■ In light of the present state of the record we do not pass at this time upon the important legal questions presented in this case, but defer a decision on these issues until a hearing on the facts has been conducted in the district court. The order of the district court dismissing the complaint for lack of jurisdiction is reversed and the case is remanded to the district court for appropriate findings of fact and conclusions of law.

Reversed and remanded.